WILLIAM McCRAW.
ATTORNEY GENERAL

SCOTT GAINES,
FIRST ASSISTANT

GOS GROSE.
CHIEF LAW ENFORCEMENT
OFFICER

RUTH MYERS.
CHIEF CLERK

ASSISTANTS

JOE J. ALSUP
VICTOR W. BOULDIN
J. K. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL

LEONARD KING
LETCHER M
GEORGE P.            ICK
SAN LANE
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM G. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
CHARLES B. WALKER



# OFFICE OF THE ATTORNEY GENERAL

## AUSTIN

January 11, 1939

Hon. J.R. Robinson
County Attorney, Kent County
Jayton, Texas

Dear Mr. Robinson:

Opinion No. O-41
Re: Collection of delinquent
taxes due a county. Amount
of fees County Attorney
may collect for filing de-
linquent tax suits.

Your letter of January 3 addressed to the Attorney General has been referred to the writer for reply.

You requested to be advised on the following questions:

1. What amount of fees may the County Attorney receive in a delinquent tax suit?

2. Can the County Attorney waive the notice to him from the Commissioners' Court to file the delinquent tax suits?

3. Since a town or village cannot make a contract with anyone and pay them a per cent of the delinquent taxes collected, and the County Attorney when notified to file the suit, answers that he cannot do it for the pay allowed by law, then what is the best way out when they have a large amount of delinquent taxes due and unpaid?

In reply to your first question, you are respectfully advised that the Legislature has the sole power to provide for collection of delinquent taxes and to fix compensation for collection, and the Commissioners' Courts derive

theit power to contract for the collection exclusively from the Statutes. See White v. McGill, 114 S. W.(2d) 860 and Easte - wood v. Henderson County, 62 S. W. (2d) 65.

Along with other duties the County Attorney is given the duty of collecting delinquent taxes. Article 7332 Revised Civil Statutes states that the County Attorney's compensation shall be $2.00 for the first tract and $1.00 for each additional tract up to four, but said fee in no case to exceed $5.00 Article 7335-A further provides:

"No contract shall be made or entered into by the Commissioners' Court in connection with the collection of delinquent taxes where the compensation under such contract is more than fifteen per cent of the amount collected. Said contract must be approved by both the Comptroller and the Attorney General of the State of Texas, both as to substance and form. Provided however the County or District Attorney shall not receive any compensation for any services he may render in connection with the performance of the contract or the taxes thereunder."

Therefore, it is our opinion that the County Attorney can receive only the fees provided for in Article 7332, as set out above.

In reply to your second question, you are advised that Article 7335 provides that after the Commissioners' Court has given to the County Attorney thirty (30) days written notice to file suit for delinquent taxes and he has refused to do so, a contract can be made with another attorney for that purpose. In view of this provision it would follow these requisites must appear before the Commissioners' Court is authorized to employ another attorney. Cameron et al v. Earnest et el, 34 S. W.(2d) 685. However, the County Attorney may discuss the matter with the Commissioners' Court and by words and acts, he may waive the necessity of the statutory 30 days notice in writing.

It is a well settled rule of law in this State that as a general thing, a party may waive any formal prerequisite incident to the consummation of an agreement not forbidden by law.

It is said in Corpus Juris, Vol. 67 p. 292, "Waiver-the act of waiving or not insisting upon some right, claim or privilege."

It was said in Sovereign Camp A.O... v. Nigh



223 S. W. 291, "a waiver is the relinquish-
ment of some right by word or contract."

See Slimp v. Wise County, 96 S. W. (2d) 537.

Our opinion is that the County Attorney may by words,
or. acts waive the 30 days written notice and the Commissioners'
Court may then employ another attorney under the provisions of
Article 7335-A Revised Civil Statutes. However, it would be a
much safer policy to have a written statement from the County
Attorney declining the request of the Commissioners' Court to
file delinquent tax suits for reasons therein stated and
waiving his right to the 30 day period and consenting to the
Commissioners' Court entering into a contract with others for
the collection of delinquent taxes without waiting the 30 day
period and have a record thereof made in the Minutes of the
Commissioners' Court.

In reply to your third question.

Article 7343 does not place any duty upon the County
Attorney to file delinquent tax suits for cities, towns or
villages. We would suggest that each town employ a city at-
torney and pay him a salary and as such attorney, he could
bring tax suits.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Assistant

COB:BT

APPROVED:

ATTORNEY GENERAL OF TEXAS